## In re TAYLOR.

### COLUMBIAN BUILDING & LOAN CO. v. URLIN et al.

Circuit Court of Appeals, Sixth Circuit. June 30, 1927.

No. 4701.

Mortgages ⚖151(3)—Statute fixing priority between construction mortgages and mechanics' liens held not to apply to mortgage given and filed before construction commenced (Gen. Code Ohio, § 8321—1).

Gen. Code Ohio, § 8321—1, fixing priority between building construction mortgages and mechanics' liens, applies only to construction mortgages given and filed after commencement of the improvement, and does not affect the priority of a mortgage given and filed before construction commenced, though it provides that the mortgagee "may" pay out the money for construction purposes as provided by the statute.

Petition to Revise an Order of the District Court of the United States for the Southern District of Ohio; Benson W. Hough, Judge.

In the matter of Emerson L. Taylor, bankrupt. Petition by the Columbian Building & Loan Company to revise order determining priorities between mortgages and mechanics' liens. Order modified.

For opinion below, see 16 F.(2d) 303.

John E. Sater, of Columbus, Ohio (R. J. Reynolds, of Columbus, Ohio, on the brief), for petitioner.

J. M. Berne, of Cleveland, Ohio (Ulmer & Berne, of Cleveland, Ohio, on the brief), as amicus curiæ.

J. M. Howard and E. D. Howard, both of Columbus, Ohio, for respondents.

Before DENISON, MACK, and MOOR-MAN, Circuit Judges.

MACK, Circuit Judge. The question here is of the priority of liens as between two mortgages and a mechanic's lien under the law of Ohio. Taylor, adjudicated bankrupt in September, 1924, purchased two vacant lots in Franklin county, Ohio, from Urlin in April, 1923, and gave to Urlin a purchase-money mortgage. Urlin's mortgage was filed for record on April 26, 1923. Under arrangement with Urlin, Taylor executed mortgages covering the lots to the Columbian Building & Loan Company, hereinafter referred to as Columbian, which mortgages were filed for record on April 23, 1923, thus getting record priority over Urlin. Both the Urlin mortgage and the Columbian mortgages were filed prior to the time any building operation had been begun. Columbian advanced moneys to Taylor under its mortgages in April and May, 1923, and an additional $750 on April 30, 1924, to general contractors on account of excavation cost. This is the only amount, advanced by Columbian, which went into the improvement of the property. After construction had been begun the Boulevard Lumber & Supply Company, hereinafter called Boulevard, furnished lumber which went into the improvement, and perfected a mechanic's lien therefor.

The Columbian mortgages required Columbian to advance sums at least to the amounts which were actually advanced and contained the following covenant: "Said note secured by this mortgage is given to improve the premises herein described, and the mortgagors hereby covenant and agree with the mortgagee, that the funds secured by this mortgage may be paid out by the mortgagee as provided by section 8321—1 of the General Code of Ohio."

The District Court held that the Columbian mortgages had priority of lien only to the extent of $750, paid to the general contractors for improvement of the premises; that the purchase money mortgage was next in order of priority; that the Boulevard mechanic's lien was next in order and ahead of the balance of the mortgage indebtedness to Columbian. We hold that the Columbian mortgages are entitled to priority to the ex-

tent of the moneys advanced thereunder, and that the mechanic's lien follows the purchase-money mortgage.

In 1913 the Ohio Legislature enacted a mechanic's lien law. 103 O. L. 369 (General Code of Ohio, § 8310 et seq.). Prior to 1913 only those contracting with the owner could obtain, a mechanic's lien. After 1913 each person who furnished labor or material had a direct lien, superior to any mortgage recorded after the commencement of excavation, construction, or improvement by any authorized person. Section 8321, General Code. If a mortgage was filed after any construction was begun, it was therefore subject to be superseded by mechanic's liens filed thereafter for work done thereafter. The mechanic's liens related back to the beginning of construction. There was no way in which a mortgagee could possibly protect himself against such subsequent mechanic's liens, if construction had been begun prior to the filing of his mortgage. As observed by the Supreme Court of Ohio in Rider v. Crobaugh, 100 Ohio St. 88, 99, 125 N. E. 130: "This naturally would have the effect of stopping building operations entirely unless a method might be secured whereby the improvement could be finished by means of a mortgage loan procured after the work had commenced. This was the situation that confronted the Legislature about two years after it had passed the act of 1913. Section 8321, General Code.

Having this situation in mind, no doubt, and in order to provide a means for the completion of improvements begun, it passed the section of the mechanic's lien law, known as section 8321—1, General Code."

100 Ohio St. 88, 98, 125 N. E. 133: "An inspection of the entire act, however, would clearly indicate that the legislative intention was to apply its force only to mortgages which were given and filed for the purpose of improving real estate, after the actual commencement of operations."

It is unnecessary to undertake a detailed analysis of the lengthy provisions of section 8321—1, General Code. The act contains provisions which lead to the conclusion that not all construction mortgages are within its purview. Many of such detailed provisions are referred to by the Supreme Court of Ohio in its opinion in Rider v. Crobaugh, supra, as well as other considerations leading to the conclusion "that section 8321—1, General Code, applies only to construction mortgages given and filed after the commencement of the improvement."

The Columbian mortgages, as above stated, were given and filed prior to the com-

mencement of any operations on the premises. Were it not for the clause above quoted in the mortgages referring to section 8321—1, General Code, they would unquestionably have priority over the mechanic's lien subsequently filed. We are of opinion that the insertion in the Columbian mortgages of this clause is not sufficient to take away such priority. This provision authorizes the mortgagee to pay out the funds secured by the mortgage as provided in section 8321—1, General Code, but does not require it to do so. There is no language in the Columbian mortgages stipulating that they shall be considered as mortgages within the meaning of section 8321—1, General Code, or that the rights and obligations of the parties should be governed by such section; and we need not consider the case as if such language were present. The language used is apt and effective to insure full priority if the filing is before construction has begun, and yet to preserve a less complete priority, if the filing is relatively delayed. To give it this double effect only safeguards against an event which may be uncertain.

In our opinion the order of priority of liens among the parties is as follows:

First. To Columbian, to the extent of moneys advanced under its mortgage, with interest.

Second. To Urlin, balance due on purchase-money mortgage, with interest.

Third. To Boulevard, the amount of the mechanic's lien claim.

The order below will be modified accordingly. Columbian will recover costs of this court against Boulevard.